# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERIC LEE ERICKSON, #727087,**

    **Plaintiff,**

vs.                                               Case No. 4:19cv124-RH/CAS

**PADEN SHAKUR VODERREKUS,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by submitting a brief, hand-written document which the Clerk of Court opened as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the filing fee for this case, nor did Plaintiff submit an in forma pauperis motion. An Order was entered directing him to do one or the other to proceed, ECF No. 3, and Plaintiff has now submitted a motion requesting leave to proceed in forma pauperis. ECF No. 4.

Review of Plaintiff's motion reveals that Plaintiff states he is "incarcerated." ECF No. 4 at 1. Plaintiff did not explain his status as previously directed, ECF No. 3, and it is noted that Plaintiff is housed at the

Florida State Hospital. Without Plaintiff's clarification, it is unknown whether or not Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h).[1] Furthermore, Plaintiff did not provide any documentation in support of his motion as directed. Nevertheless, Plaintiff has declared that he has approximately four thousand dollars in his bank account and he indicates he has access to that account. ECF No. 4 at 2, 4.

This case is not the only case Plaintiff has recently initiated in this Court. In case 4:19cv57-WS-CAS, Plaintiff submitted an amended in forma pauperis motion which sufficiently demonstrated that Plaintiff has funds with which he could pay the filing fee. *See* ECF No. 7 of that case. Plaintiff provided a bank account statement in that case which showed a balance of approximately four thousand dollars. *Id.*

There is no need to delay ruling on Plaintiff's instant motion in this case because Plaintiff's other case shows that Plaintiff is not entitled to proceed with in forma pauperis status. Plaintiff has funds with which he could pay the filing fee for this case if he desires to proceed. Plaintiff has acknowledged those funds in the in forma pauperis motion filed here. ECF

---

[1] Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Case No. 4:19cv124-RH/CAS

No. 4. Accordingly, it is recommended that Plaintiff's motion be denied and Plaintiff be required to pay the filing fee if he wants to pursue this case.

To guide Plaintiff in that decision, a review was been made of Plaintiff's complaint, ECF No. 1. Plaintiff has named Paden Shakur Voderrekus as the Defendant, but provides no facts which explain why he is suing that person. It may be inferred that Plaintiff and the Defendant had an automobile accident, but that does not provide a basis for a lawsuit in federal court. There are no facts which reveal a potential claim for proceeding with this case. Thus, Plaintiff is advised to consider filing a notice of voluntary dismissal of this action instead of paying the filing fee. That choice is Plaintiff's to make. However, if Plaintiff does desire to proceed with this litigation, he should be required to pay the $400.00 filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion requesting in forma pauperis status, ECF No. 4, be **DENIED** because Plaintiff has sufficient funds to pay the filing fee for this

case, and he be required to pay the $400.00 filing fee should he desire to continue this litigation.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**